UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IRIDA KIMCA, and DERRICK SAMPSON, individually and on behalf of all those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>SPROUT FOODS, INC. D/B/A SPROUT ORGANIC FOODS and SPROUT NUTRITION,<br><br>    Defendant. | Civil Action No. 21-12977 (SRC) (JSA) |
| LYNN HUNTLEY, SALVATORE STILE, EMILY SIMMONS, and FRANCES PRESSLEY, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>SPROUT FOODS, INC.; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Civil Action No. 22-386 (SRC) (ESK)<br><br><br><u>ORDER</u> |

**THESE CASES** came before the Court for a joint Telephone Status Conference on February 23, 2022, wherein the Undersigned addressed, with the parties, the claims and defenses in *Kimca, et al. v. Sprout Foods, Inc. d/b/a Sprout Organic Foods and Sprout Nutrition*, Civ. No. 21-12977 (SRC) ("*Sprout Foods I*") and *Huntley v. Sprout Foods, Inc., et al.*, Civ. No. 22-386 (SRC) ("*Sprout Foods II*"), and *sua sponte* raised the issue of consolidation,

and it appearing that in a memorandum of law filed on August 26, 2021 in support of its motion to transfer *Sprout Foods II* from the District of Connecticut to this District, Defendant Sprout Foods, Inc. contended (i) that "[t]ransferring [this case] to New Jersey would conserve judicial resources and promote consistency, as another case concerning substantially the same

products and allegations, and involving another Connecticut-resident plaintiff, is pending in the District of New Jersey," *i.e.*, *Sprout Foods I*, and (ii) that "[t]he two cases could be designated as related and efficiently managed by the same judge." [*Sprout Foods II*, ECF No. 57 at 1];

and it appearing that, on January 14, 2022, District Judge Jeffrey Alker Meyer of the United States District Court for the District of Connecticut granted Defendant Sprout Foods, Inc.'s motion to transfer *Sprout Foods II* to this District, concluding, among other things, that "the interests of justice, and especially the interests of judicial economy, favor transfer to the District of New Jersey" given that "[c]urrently pending in that district is a case comprising nearly identical facts and claims," and further stating that "[t]he potential consolidation of this case with the pending action in New Jersey would reduce litigation costs for the parties and the courts and result in a more efficient discovery process." [*Sprout Foods II*, ECF No. 77 at 4];

and it appearing that *Sprout Foods I* and *Sprout Foods II* are substantially similar cases raising overlapping issues of fact and law; in particular, both are proposed class actions brought against the same Defendant, Sprout Foods, Inc., raising common claims concerning alleged misleading, deceptive, unfair, and/or false business practices and warranties related to Defendant's baby food products [*see Sprout Foods I*, ECF No. 30; *Sprout Foods II*, ECF No. 13]; in particular, both cases raise claims, on behalf of the proposed classes, for breach of express and implied warranty, fraud, negligent misrepresentation, unjust enrichment, and, on behalf of the proposed New York State classes, for violations of New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law § 349, and further both cases raise the same legal and factual questions, including, but not limited to, whether Defendant (i) misrepresented material facts and/or failed to disclose material facts in connection with the packaging, marketing, distribution, and sale of the baby food products, (ii) engaged in false or deceptive advertising or unfair, unlawful and/or fraudulent business practices, (iii) made representations that were likely to deceive a reasonable consumer, and (iv)

2

proximately caused loss, injury, or damages to Plaintiffs and the proposed class members;

and it further appearing that, together, the two cases have claims for violations of seven (7) of the same type of state consumer deception, fraud, and trade practices acts, which present the same core legal questions, and the only real difference between the two cases being that *Sprout Foods II* includes an intentional misrepresentation claim;

and it appearing that Plaintiffs in both actions set forth allegations in support of the certification of a proposed nationwide class and subclasses in some of the same states;

and it appearing that Defendant's counsel is the same in both cases and, as represented during the February 23, 2022 Conference, has no objection to the two cases being consolidated for discovery and pretrial purposes;

and it appearing that counsel for Plaintiffs in *Sprout Foods I*, as represented during the February 23, 2022 Conference, has no objection to the two cases being consolidated for discovery and pretrial purposes;

and the Court having ordered that any opposition to the proposed consolidation for discovery and pretrial purposes be filed on or before March 2, 2022, and any responses thereto be filed on or before March 8, 2022 [*Sprout Foods I*, ECF No. 36; *Sprout Foods II*, ECF No. 88];

and the Court having received no opposition from counsel for Plaintiff Lynn Huntley in *Sprout Foods II*;

and it appearing that Federal Rule of Civil Procedure 42(a) "confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate cases for trial as may facilitate the administration of justice," *Ellerman Lines, Ltd. v. A. & Gulf Stevedors, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964);

and the purpose of consolidation being to "streamline and economize pretrial proceedings so as to avoid duplication of effort, and to prevent conflicting outcomes in cases involving similar legal and factual issues," *see, e.g.*, *In re TMI Litig.*, 193 F.3d 613, 724 (3d Cir. 1999);

and consolidation being appropriate when "actions before the court involve a common question of law or fact . . . ," Fed. R. Civ. P. 42(a);

and when common questions of law and/or fact and judicial efficiency appear to support consolidation, "[i]n the absence of an articulated basis to assert confusion or prejudice, consolidation is generally appropriate," *A.F.I.K. Holding SPRL v. Fass*, 216 F.R.D. 567, 570 (D.N.J. 2003);

and, here, it appearing that consolidation for pretrial purposes is plainly appropriate for a multitude of reasons, including that the Defendant is the same in both cases; the key legal questions in both cases are the same; the Amended Complaints contain several of the same legal claims turning on the same legal question; and the same alleged food products and injuries are at issue;

and it appearing that inconsistent or duplicative efforts would be needed to manage discovery and the pretrial aspects of these cases separately;

and it appearing that consolidation for purposes of discovery and pretrial case management will avoid unnecessary costs as acknowledged by Defendants and *Sprout Foods I* counsel; and having received no opposition from Plaintiff in *Sprout Foods II*;

**IT IS** on this 18th day of March, 2022,

**ORDERED** that *Sprout Foods I* and *Sprout Foods II* are hereby consolidated for pretrial and discovery purposes only; and

**IT IS FURTHER ORDERED** that the Court may consider consolidating the cases for all purposes at point in the future; and

**IT IS FURTHER ORDERED** that the parties shall submit a joint letter on or before **March 28, 2022**, setting forth the status of Defendants filing and serving a responsive pleading in *Sprout Foods I* and *Sprout Foods II*, respectively.

*s/ Jessica S. Allen*
**Hon. Jessica S. Allen, U.S.M.J.**
